MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,            :     VERIFIED COMPLAINT

            - v -                    :     07 Civ.

$164,330.00 IN UNITED STATES         :
CURRENCY,
                                     :
            Defendant-in-rem.
------------------------------------X

          Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

          1.  This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $164,330.00 in United States currency (the "DEFENDANT CURRENCY"), on the ground that the DEFENDANT CURRENCY constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

4. The DEFENDANT CURRENCY was deposited into the Department of Justice Assets Forfeiture Fund.

## III. PROBABLE CAUSE FOR FORFEITURE

5. On February 25, 2002 and March 5, 2002, Michael Robinson ("Robinson") spoke on the telephone with a confidential informant ("CI") who was employed by the Drug Enforcement Administration ("DEA"). Robinson told the CI, using coded language, that he wanted to purchase 6 kilograms of cocaine at a price of $27,000 per kilogram (for a total payment of approximately $162,000).

6. On March 10, 2002, Robinson and Darryl Steele ("Steele") traveled from Buffalo, New York to Manhattan in a rented Dodge Caravan. The DEFENDANT CURRENCY was hidden in three different locations in the Caravan: under the passenger-side dashboard, in the driver-side rear panel, and in the passenger-side rear panel. A nine-millimeter semiautomatic firearm was also hidden behind the driver-side rear panel.

7. Steele and Robinson traveled to meet the CI at a location in downtown Manhattan. DEA agents observed Robinson getting out of the front passenger seat of the Caravan and entering the building in which he and the CI planned to meet. The DEA agents did not provide the CI with any cocaine for the transaction and instructed him not to sell any cocaine to Robinson. After Robinson met the CI, he returned to the Dodge Caravan without having purchased any drugs.

8. The DEA agents followed the Caravan as it drove up the West Side Highway to the Washington Heights neighborhood in Manhattan. The Caravan stopped at the intersection of Amsterdam Avenue and 151st Street, at which point Robinson got out of the Caravan. Looking around to see if he was being followed, Robinson approached another individual, later identified as Annolo Acosta ("Acosta"). Robinson and Acosta walked and spoke briefly. When DEA agents followed Robinson and Acosta on foot, Robinson and Acosta started to walk in different directions. As the agents neared the two individuals, Acosta hurled his cellular telephone into the street, causing it to shatter. At that point, Robinson and Acosta were arrested.

9. While Robinson met with Acosta, Steele drove the Dodge Caravan down West 151st Street towards Broadway. While Robinson and Acosta were being arrested, other DEA agents stopped the Caravan and arrested Steele.

10. During an initial search of the Dodge Caravan,

agents discovered approximately $30,000 in United States currency hidden underneath the passenger-side dashboard. Later that day, DEA agents conducted another search of the Dodge Caravan at DEA offices. During this more extensive search, the agents recovered the balance of the DEFENDANT CURRENCY and a nine-millimeter semiautomatic firearm. The currency was found in the Caravan's rear panels, packaged in plastic and covered with tape. The firearm was found in the driver-side rear panel resting on top of some of the currency. When the firearm was recovered, it was loaded with nine rounds of ammunition. A screwdriver and a roll of tape were also found underneath the front passenger seat of the Dodge Caravan.

      11. On April 23, 2002, Steele was re-arrested. At the time of his arrest, and after being advised of his *Miranda* rights, Steele stated, in substance and in part, that, he and Robinson made two other trips to New York prior to the trip during which they were stopped by agents; that during the two other trips, Steele would drop Robinson off at the intersection of 151st Street and Amsterdam, that Robinson would meet with the source of cocaine alone, and that Steele would drive the vehicle (with the money in it) to a park until Robinson called to be picked up; that on these prior trips, Steele and Robinson would divide up the drugs at Steele's house for further distribution; and that Robinson had recently called Steele from prison and asked Steele to re-rent the Dodge Caravan and retrieve the money

and the firearm (which Robinson referred to as a "microwave") hidden within the Caravan. Steele said he knew a sum of money was in the Caravan, but that he did not know how much. Steele acted as if he was surprised by the amount of money found in the car, and he stated that he believed that Robinson only had enough money for one or two kilograms of cocaine.

12. On February 11, 2003, Steele was convicted of conspiring to distribute and possess with intent to distribute cocaine in violation of Title 21, United States Code, Section 846.

IV. CLAIM FOR FORFEITURE

13. The allegations contained in paragraphs one through twelve of the Complaint are incorporated herein.

14. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

15. The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in

violation of Subchapter I of Title 21 of the United States Code.

16. By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       July 20, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

By: _____
ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-2218

<u>VERIFICATION</u>

STATE OF NEW YORK            )
COUNTY OF NEW YORK           :
SOUTHERN DISTRICT OF NEW YORK )

      WESLEY FRITZ, being duly sworn, deposes and says that he is a special agent with the Drug Enforcement Administration, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

      The sources of deponent's information and the grounds of his belief are official records and files of the Drug Enforcement Administration, transcripts of court proceedings, discussions with and documents prepared by other law enforcement officers, and his own personal observations.

                                                      WESLEY FRITZ

Sworn to before me this
20th day of July, 2007

_____
NOTARY PUBLIC

JANE CHU
Notary Public, State of New York
No. 31-4958354
Qualified in New York County
Commission Expires November 6, 2009