MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :

        Plaintiff,           :

           - v -              :   DECLARATION IN SUPPORT
                                  OF DEFAULT JUDGMENT
                                  07 Civ. 6822 (JSR)
$164,330.00 IN UNITED STATES         :
CURRENCY,
                                     :

        Defendant-in-rem.
------------------------------------x

        ANNA E. ARREOLA, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

        1.   I am an Assistant United States Attorney in the Office of Michael J. Garcia, United States of Attorney for the Southern District of New York, attorney for plaintiff herein. I have responsibility for the above-captioned matter, and as such, I am familiar with the facts and circumstances of this proceeding. This declaration is submitted in support of plaintiff's request for a default judgment in the above-captioned case.

        2.   On or about March 10, 2002, agents of the Drug Enforcement Administration ("DEA") seized the Defendant Currency

from a vehicle that Darryl Steele ("Steele") and his co-defendant, Michael Robinson ("Robinson"), had driven to the scene of an anticipated drug deal.  The DEA subsequently initiated an administrative forfeiture action against the Defendant Currency.  Notice of the nonjudicial forfeiture was published in the Wall Street Journal on May 20, 2002, May 28, 2002 and June 3, 2002.  The DEA has provided me with a copy of the relevant newspaper pages, which are attached hereto as Exhibit A.

    2.  On August 20, 2002, Steele was charged in a superseding indictment, S1 02 CR 629 (JSR), with conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  On September 12, 2002, following a bench trial, the Honorable Jed S. Rakoff found Steele guilty of that crime.  On February 4, 2003, Steele was sentenced principally to a term of 121 months' imprisonment.  He is currently serving his sentence.

    3.  On May 17, 2007, Steele filed a pro se motion pursuant to Fed. R. Crim. P. 41(e) requesting the return of the Defendant Currency.  Steele argued that the property should be returned on the ground that he had not received adequate notice of the seizure.  The motion triggered the commencement of a new civil action, Steele v. Drug Enforcement Agency, 07 Civ. 3859 (JSR), which was assigned to Judge Rakoff and referred to Magistrate Judge James C. Francis.

4. In a July 20, 2007 letter to Judge Francis, the Government conceded that Steele may not have received adequate notice and agreed that the declaration of forfeiture as to Steele's interest should be set aside, without prejudice to the Government's right to commence a judicial forfeiture action against the property. In an order dated July 26, 2007 (attached as Exhibit B), Judge Francis set aside the declaration of forfeiture as to Steele's interest, without prejudice to the Government's right to commence a judicial forfeiture action against the property. Judge Francis requested that the Clerk of the Court close the case.

5. In light of the Rule 41(e) motion, on July 30, 2007, the United States commenced this civil action for the forfeiture of the defendant-in-rem by the filing of a verified complaint. A copy of the verified complaint is attached hereto as Exhibit C and is fully incorporated by reference herein.

6. On or about July 31, 2007, a notice letter and a copy of the verified complaint were sent by certified mail to Darryl Steele ("Steele"), at the Federal Correctional Institution, Mckean, P.O. Box 8000, Bradford, Pennsylvania 16701 and to his criminal attorney, Steven M. Statsinger, Esq., Federal Defenders of New York, Inc., 52 Duane Street, 10th floor, New York, New York 10007. Notice letters were also sent to Robinson and his criminal attorney, Frank Handelman. The Government

subsequently received signed receipts indicating that all four notice letters had been delivered in or about August 2007. A copy of the notice letters and the receipt confirmations are attached hereto as Exhibit D. These are the only individuals known by the Government to have a potential interest in the Defendant Currency.

7. In addition to the mailed notice, notice of the verified complaint and in rem warrant against the Defendant Currency was published in the New York Law Journal on October 11, 2007. Proof of such publication was filed with the Clerk of this Court on January 9, 2008. A copy of this proof of publication is attached hereto as Exhibit E.

8. The Government has provided adequate notice pursuant to Rule G of the Supplement Rules for Admiralty or Maritime Claims and Asset Forfeiture Claims. First, the Government provided direct notice to the only known potential claimants—Steele and Robinson—and their attorneys, and the Government received confirmation that the notice letters were received. See Rule G(4)(b)(iii)(B) ("Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."); see also Bye v. United States, 105 F.3d 856, 857 (2d Cir. 1997) (finding adequate notice where "the government

sent notice to the attorney who represented Bye in his then-pending related criminal proceeding"). Second, the Government complied with the publication requirements of Rule G. Rule G(4)(a)(iii)(B) states that "[p]ublished notice must appear . . . only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published . . . in a newspaper of general circulation for three consecutive weeks in a district where publication is authorized under Rule G(4)(a)(iv)." Rule G(4)(a)(iv) in turns provides that publication may be made "in a newspaper generally circulated in the district where the . . . the property was seized." Here, the DEA published notice once a week for three consecutive weeks in the Wall Street Journal, and the Government published notice once in the New York Law Journal, thereby satisfying the publication requirements of Rule G.

    9.    Publication was completed on October 11, 2007 and direct notice was sent on or about July 31, 2007. No claims or answers were filed or made in this action, no parties have appeared to contest the action to date, and the requisite time periods have expired. See 18 U.S.C. § 983(a)(4)(A) ("any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later

than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint"); Rule G(4)(b)(ii) (claim must be filed "at least 35 days after the notice is sent"); Rule G(5)(a)(ii)(B) ("if notice was published but direct notice was not sent to the claimant or the claimant's attorney," claim must be filed "no later than 30 days after final publication of newspaper notice").

10. Finally, to the best of my knowledge and belief, Miller and Robinson are not minors, mentally incompetent, or in the military service of the United States.

11. Accordingly, the Government requests that the Court enter the proposed Default Judgment.

12. No previous application for the relief requested herein has been sought.

Dated:   New York, New York
         March 14, 2008

*Anna E. Arreola*

Anna E. Arreola
Assistant U.S. Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218